UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHN WESTLEY BARNES, III** | * | **CIVIL ACTION NO. 24-2273** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| **SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE DONNA CURRAULT** |
| | * * * | |

## ORDER

Before the Court is Plaintiff John Westley Barnes, III's Objection to the Magistrate's Report and Recommendation. R. Doc. 20. After considering the record, briefing, and applicable law, the Court now rules as follows.

### I. BACKGROUND

Plaintiff applied for insurance benefits on June 22, 2022, claiming that he qualified as "disabled" within the meaning of the Social Security Act since July 18, 2016. R. Doc. 19 at 1. However, both the Commissioner and an Administrative Law Judge ("ALJ") from the Social Security Administration ("SSA") denied Plaintiff's application. *Id.* at 1-2. An administrative appeals court subsequently upheld these rulings. *Id.* at 2.

Plaintiff brought the present action before this Court pursuant to 42 U.S.C. 405(g), seeking judicial review of the aforementioned administrative findings. R. Doc. 1. The matter was then referred to Magistrate Judge Donna Currault per this Court's local rules. Thereafter, Plaintiff filed a Motion for Summary Judgment asking this Court to overturn the ALJ's findings and remand his disability benefits application for further proceedings. R. Doc. 14. In the motion, he argues that SSA erroneously denied his application because the ALJ both substituted his own medical opinion for those of Plaintiff's treating physicians and also failed to re-contact those same treating physicians before rejecting their findings. *Id.* The SSA replied, labelling the regulations that

Plaintiff used to support his argument as outdated. R. Doc. 15. Instead, it cited the new regulations, which gave the ALJ the authority to decide the question of residual functional capacity ("RFC") without deferring to the treating physicians' opinions. *Id.* Because of this new rule, the SSA took the position that it was not obligated to contact Plaintiff's treating physicians. *Id.*

On May 13, 2025, Magistrate Judge Currault issued a Report and Recommendation agreeing with the SSA's interpretation of the new applicable regulations, dismissing Plaintiff's motion for summary judgment, and ordering his complaint to be dismissed with prejudice. R. Doc. 19. Plaintiff objects to the Magistrate's decision, which is now before this Court for review. R. Doc. 20.

## II.   LAW & ANALYSIS

This Court must "make a de novo determination . . . of any portion of the Magistrate's decision to which specific written objection has been made." Fed. R. Civ. P. 72. But crucially, the Court may not "reweigh the evidence in the record, try the issues de novo, or substitute its judgment of the court for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Rather, in cases such as these, the Court may only review whether the ALJ based his decision on substantial evidence on the record and whether the ALJ applied the proper legal standards to evaluate the evidence. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). With this in mind, the Court agrees with Magistrate Judge Currault's findings and concludes an affirmance of the ALJ's decision is warranted here. The record indicates that the Social Security hearings thoroughly probed Plaintiff's medical condition, and then concluded that he was not entitled to the benefits he sought. Plaintiff has failed to offer any colorable basis for departing from these prior rulings beyond simply reiterating his arguments already properly rejected by Magistrate Judge Currault. R. Doc. 19.

## III.  CONCLUSION

Accordingly;

**IT IS HEREBY ORDERED** that Plaintiff John Westley Barnes, III's Objection to the Magistrate Judge's Report and Recommendation, R. Doc. 20, is **DENIED**.

**IT IS FURTHER ORDERED** that this Court approves the Magistrate Judge's Report and Recommendation, R. Doc. 19, and adopts it as its opinion in this matter. Therefore, Plaintiff John Westley Barnes, III's Motion for Summary Judgment, R. Doc. 14, is **DENIED**.

New Orleans, Louisiana, this 1st day of August, 2025.

_____
United States District Judge